# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ZORIL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 2624 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| HARVEY OFFICER RONALD CROSS and HARVEY OFFICER WILLIAMS, Star No. 886, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants pursuant to 42 U.S.C. § 1983 for false arrest. Both parties have filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Court grants in part and denies in part the motions.

## Facts

The following facts are undisputed. On July 15, 2007, plaintiff called 911 to report a robbery. (Defs.' Resp. Pl.'s LR 56.1(a) Stmt. ¶ 11.) Defendant Cross, an African American, answered the call, during which plaintiff used the words "f ***ing n*****" several times. (Pls.' Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 23-24; Exs. Defs.' LR 56.1(a) Stmt., Ex. E, Pl.'s Dep. at 85-86.) Cross thought plaintiff had a problem with a police officer, so he told plaintiff to come to the police station to file a complaint. (Defs.' Resp. Pl.'s LR 56.1(a) Stmt. ¶ 15.) Subsequently, Cross told his supervisor, Sergeant Forbes, that a 911 caller who had used racial slurs was coming in to make a complaint about a police officer. (*Id.* ¶ 16; Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 27.) Less than an hour later, plaintiff appeared at the police station and spoke loudly to Forbes and another officer not

far from Cross. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 28-29, 32, 34; Exs. Defs.' LR 56.1(a) Stmt., Ex. E, Pl.'s Dep. at 85-90.) Defendant Williams arrived at the station shortly thereafter, observed plaintiff shouting at the officers, was told by Forbes about the slurs during the 911 call and arrested plaintiff for disorderly conduct. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 35-38.)

**Discussion**

To prevail on a summary judgment motion, "the pleadings, the discovery and disclosure materials on file, and any affidavits [must] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

To succeed on his section 1983 claims, plaintiff must prove that he "was deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). A government employee acts "under color of state law" only when his actions "are related in some way to the performance of [his job] duties." *Id.* (quotations omitted). It is undisputed that Cross was working as a 911 dispatcher for the City of Harvey when plaintiff was arrested, a job that neither requires nor permits him to make arrests. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 4-5.) Thus, even if he participated in plaintiff's arrest, an

issue the Court does not decide, the fact that Cross was a city employee when he did so does not make him a state actor for purposes of plaintiff's section 1983 claim.

As a private actor, Cross can be held liable under section 1983 only if he "reached an understanding [with a state actor] to deprive the plaintiff of [his] constitutional rights and . . . was a willful participant in joint activity with the state or its agents." *Thurman*, 446 F.3d at 687. There is no evidence to suggest that Cross did either. (*See generally* Pl.'s LR 56.1(a) Stmt.) Thus, he is entitled to judgment as a matter of law on the claim plaintiff asserts against him.

Williams contends that he has qualified immunity from plaintiff's Fourth Amendment claim. *See Viilo v. Eyre*, 547 F.3d 707, 709 (7th Cir. 2008) ("Qualified immunity protects government officials from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (quotation omitted)). To evaluate this defense, the Court determines whether the facts, viewed in the light most favorable to him, suggest that Williams violated plaintiff's Fourth Amendment rights. *Id.* at 709-10. If so, the Court then determines whether the right was clearly established at the time of the events giving rise to this suit. *Viilo*, 547 F.3d at 710.

Williams violated plaintiff's Fourth Amendment rights if he arrested plaintiff without probable cause. *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006). Williams had probable cause if "the facts and circumstances within [his] knowledge and of which [he had] reasonably trustworthy information [were] sufficient to warrant a prudent person in believing that [plaintiff] had committed an offense." *Id.* (quotation omitted). Plaintiff was arrested for disorderly conduct, which Illinois law defines as "[doing] any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 Ill. Comp. Stat. 5/26-1(a)(1). If the conduct is speech,

3

the speech must be "fighting words," *i.e.*, "personally abusive epithets [that] . . . are inherently likely to provoke an immediate breach of the peace," that "contain either an explicit or implied threat." *People v. Redwood*, 780 N.E.2d 760, 763-64 (Ill App. Ct. 2002). Whether particular conduct is disorderly depends both on the conduct and the circumstances surrounding it. *People v. Davis*, 413 N.E.2d 413, 415 (Ill. 1980).

The undisputed facts show that Williams knew, at the time of the arrest, that plaintiff had used racial slurs during the 911 call with Cross and was shouting at Forbes and another officer not far from Cross at the police station. (*See* Pls.' Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 22-24, 27-29, 32-38; Exs. Defs.' LR 56.1(a) Stmt., Ex. E, Pl.'s Dep. at 85-90; Defs.' Resp. Pl.'s LR 56.1(a) Stmt. ¶¶ 15-16.) These facts suggest that plaintiff's conduct was unreasonable and disturbed or alarmed Cross, the first two elements of disorderly conduct. *See* 720 Ill. Comp. Stat. 5/26-1(a)(1). But neither these facts, nor any others in the record, suggest that plaintiff's conduct breached the peace. There is no evidence that suggests plaintiff: (1) threatened Cross during the 911 call; (2) made racial slurs at the police station; (3) acted violently or threatened anyone at the police station; (4) incited anyone to violence; (5) interfered with the transaction of police business; (6) drew a crowd inside or outside of the police station; or (7) did anything else that the Illinois courts would consider to be a breach of peace. *See, e.g., Davis*, 413 N.E.2d at 415 (holding that defendant who went into an elderly woman's home and told her that he would carry out "some undefined threat" if she did not drop the criminal charge she had filed against his brother had committed disorderly conduct); *People v. Allen*, 680 N.E.2d 795, 799-800 (Ill. App. Ct. 1997) (holding that an adult who made "inappropriate or vulgar sexual remarks" to juveniles and threatened to destroy their reputations had committed disorderly conduct); *People v. Trester*, 421 N.E.2d 959, 960-61 (Ill. App. Ct. 1981) (holding that

4

defendant had not committed disorderly conduct when, in the elevator of a public building in the presence of four other people, he swore at a police officer and told the officer to remove his gun and badge so the two could fight); *People v. Justus*, 372 N.E.2d 1115, 1117 (Ill. App. Ct. 1978) ("Arguing with a police officer, even if done loudly, will not of itself constitute disorderly conduct."). *Cf. Oratowski v. Civil Serv. Comm'n of City of Chic.*, 123 N.E.2d 146, 151 (Ill. App. Ct. 1954) ("[W]ords addressed to an officer in an insolent manner do not without any other overt act tend to breach the peace because it is the sworn duty and obligation of the officer not to breach the peace and beyond this to conduct himself so as to keep others from so doing."). Because there is no evidence that suggests a reasonable police officer would, or reasonably could, have believed that there was probable cause for plaintiff's arrest, plaintiff is entitled to judgment as matter of law on his Fourth Amendment claim against Williams.

That leaves the issue of damages. It is undisputed that, as a result of his arrest, plaintiff spent nine hours in the Harvey Police Department lock up. (Defs.' Resp. Pl.'s LR 56.1(a) Stmt. ¶ 29.) But plaintiff offers no evidence as to the damage, if any, the detention caused him. (*See generally* Pl.'s LR 56.1(a) Stmt.) Absent such evidence, the Court awards plaintiff nominal damages in the amount of $1.00. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding that nominal damages may be awarded to section 1983 plaintiff who does not prove actual damages).

## Conclusion

For the reasons set forth above the Court grants in part and denies in part the parties' cross-motions for summary judgment [doc. nos. 36 & 42]. There is no genuine issue of material fact on plaintiff's claims, Cross is entitled to judgment as a matter of law on the claim asserted against him, plaintiff is entitled to judgment as a matter of law on the claim he asserts against Williams and to damages on that claim in the sum of $1.00. This case is terminated.

**SO ORDERED.**                          **ENTERED:**

**July 8, 2010**

*/s/ Ronald A. Guzman*

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**